UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>　　　Plaintiff,<br><br>　　vs.<br>GREGORY N. MCKNIGHT, and<br>LEGISI HOLDINGS, LLC,<br><br>　　　Defendants,<br><br>　and<br><br>LEGISI MARKETING, INC., LIDO CONSULTING, LLC, HEALTHY BODY NUTRACEUTICALS, LINDENWOOD ENTERPRISES, LLC, DANIELLE BURTON, THERESA BURTON, and JENNIFER MCKNIGHT,<br><br>　　　Relief Defendants. | Case No. 0811887<br>HON. STEPHEN J. MURPHY |

**MEMORANDUM REGARDING EX PARTE MOTION OF THE RECEIVER FOR AN ORDER APPROVING THE SALE OF THE REAL PROPERTY LOCATED AT 5045 BARRET DRIVE, SWARTZ CREEK, MICHIGAN AND DISCHARGING THE NOTICE OF LIS PENDENS RECORDED WITH RESPECT TO THIS PROPERTY**

Robert D. Gordon, by his counsel, Clark Hill PLC, submits this memorandum of explanation regarding his motion for entry of an Order Approving the Sale of the Real Property Located at 5045 Barret Drive, Swartz Creek, Michigan and Discharging the Notice of Lis Pendens Recorded with Respect to this Property (the "Motion"), and in support states as follows:

5654322.1 30711/122570

## Case Background

1. On May 5, 2008, the Securities and Exchange Commission (the "SEC") filed a Complaint commencing this case against, among others, Defendants Gregory N. McKnight ("McKnight") and Legisi Holdings, LLC, and relief Defendant, Legisi Marketing, Inc. (both corporate entities are referred to collectively throughout as "Legisi"), alleging, among other things, violations of various federal securities laws. Concurrently, the SEC also filed a Motion for Preliminary Injunction and an Ex Parte Motion for the Appointment of a Receiver.

2. On May 5, 2008, this Court entered an Order (the "Receiver Order") appointing Robert D. Gordon of Clark Hill PLC as Receiver for the estate of Gregory N. McKnight and the estates of every corporation, partnership, trust and/or other entity which is directly or indirectly owned by or under the direct or indirect control of McKnight (the "Receiver Estates").

3. Pursuant to the Receiver Order, the Receiver has a number of powers and duties in administering the Receiver Estates. Among other things, the Receiver is responsible for taking custody, control and possession of all funds, property, premises, leases, and other assets of or in the possession or under control of the Receiver Estates, as well as for managing, controlling, and operating the Receiver Estates. Receiver Order, Section I.C., p. 2.

4. In addition, the Receiver is expressly permitted to take any action which could be taken by the officers, directors, partners, members, and trustees of the Receiver Estates. Receiver Order, Section I.I., p. 3.

## Background Regarding The Property

5. Legisi Marketing, Inc. owns certain real property located in the City of Swartz Creek, County of Genesee, Michigan, commonly known as 5045 Barret Drive, 48473, Parcel I.D. No. 07-32-581-015 legally described as: Lot 112 of Lindenwood Farms No. 3, according to

the recorded plat thereof as recorded in Liber 48, Pages 8 and 9, Genesee County Records (the "Property").

6. Legisi Marketing, Inc. purchased the Property on March 21, 2007, for approximately $115,000.00. The Property is a single-family, ranch-style home which is approximately 1,658 square feet and contains three bedrooms and one and a half bathrooms. While it was built in 1978, Legisi has made various updates to the Property.

7. Richard Ward and Danielle Burton Ward (the "Wards") have been residing on the Property with their family for approximately one year and now seek to purchase the Property as is more fully explained in the Motion.

### Time Constraints Concerning the Sale

8. The Wards will receive funds to use for a down payment to purchase the Property from AmeriDream, Inc. ("AmeriDream"), a non-profit down payment assistance program. The AmeriDream program requests seller concessions in order to aid buyers in purchasing homes.

9. The Receiver has been told by the Wards' representatives in this sale, that this program is set to expire as of October 1, 2008.

10. Currently, closing is scheduled to take place at 9:00AM on September 30, 2008.

11. Since the telephone conference which took place this morning, the Receiver has learned third hand through the Wards' broker, that it may be possible to postpone closing for no more than 15 days beyond September 30, 2008 provided that (1) the lenders receive a signed FHA disclosure to the Purchase Agreement which acknowledges that the purchasers are taking advantage of FHA lending and (2) the lenders receive an executed copy of an acknowledgment regarding the buyers use of the Ameridream program. The facts regarding the possibility of postponing the closing for an additional 15 days are convoluted and were only brought to the

5654322.1 30711/122570

Receiver's and the Wards' attention today. Due to the fact that these circumstances have not been independently verified by the Receiver, the Receiver respectfully requests court authority to proceed with the closing as currently scheduled.

12. Before the Receiver may close on this sale, he has requested Court authority to do so.

## Compliance with 28 USC § 2001(b)

13. 28 USC § 2001 (the "Statute") outlines the requirements for a judicial sale of real property, including a sale by the Receiver, by either a private or a public sale.

14. Pursuant to 28 USC § 2001(b), before a private sale may be confirmed (i) the Receiver must obtain three appraisals of the property, (ii) the proposed sale price must be within 2/3 of the average appraised value of the Property, (iii) notice of the sale must be published in a newspaper of general circulation no less than ten days before the sale is to occur, and (iv) no bona fide offer to purchase the property may be made which exceeds the offered purchase price by 10% or more.

15. At the time the Receiver filed the Motion, he had obtained one appraisal as discussed in the Motion, but had ordered two additional appraisals of the property which he expected to receive on or before September 30, 2008.

16. The Receiver has since received these two additional appraisals which are attached to this memorandum as Exhibits "A" and "B". The average appraised value of the Property is $130,666.66.

17. The Receiver has published notice of the sale in the Flint and Genesee County Legal News which has run from September 19, 2008 through September 29, 2008. A copy of the published notice is attached to this memorandum as Exhibit "C".

18. The Receiver has not received any inquiries regarding the published notice, nor has he received any bona fide offers to purchase the Property.

19. The Receiver believes he has substantially complied with the requirements of the Statute.

20. While the Statute states that *the Court* shall appoint three appraisers to value the Property, and that before confirmation of any private sale, the terms thereof shall be published in such newspaper or newspapers of general circulation as *the court* directs at least ten days before confirmation, the Receiver submits that as an arm of the Court the Receiver may, with Court approval, initiate these actions. No parties in interest have challenged the notice provided nor the appraisals received.

21. In addition, the Statute states that "after a hearing, of which notice to all interested parties shall be given by publication, or otherwise as the court directs, the court may order the sale of such realty…" 28 USC § 2001(b).

22. Given the fact that all parties in interest are aware of the proposed sale, and have either failed to object to the relief requested or have explicitly consented to the sale as in the case of McKnight and SEC, the Receiver requests that the Court grant the relief requested without conducting a hearing.

23. Alternatively, should the Court require a hearing on the Motion, the Receiver respectfully requests that such hearing be held by telephone conference before 5:00PM today, September 29, 2008.

24. "The district court has broad powers and wide discretion to determine the appropriate relief in an equity receivership." *SEC v. Lincoln Thrift Ass'n,* 577 F.2d 600, 606 (9th Cir. 1978). While acknowledging that 28 USC 2001(b) does curb some of that discretion, Courts

5654322.1 30711/122570

have waived certain requirements of the Statute under various circumstances. For example, in *SEC v. Amerifirst Funding, Inc.*, 2008 U.S. Dist Lexis 18633 (N.D. Texas., March 13, 2008) the Court dispensed with the requirement that the Receiver obtain three appraisals of the property where the proposed sale price was within 2/3 of the value of the property as asserted by the only party opposing the sale.

25. Moreover, the United States Court for the Sixth Circuit Court of Appeals acknowledged in *US v. Grable*, 25 F.3d 298, at 16 (6th Cir. 1994) that the District Court has some discretion in confirming a sale, holding that determining whether sale at issue was in accordance with the intent of the statute, was within the Court's discretion.

26. Given the short time frame the Receiver has in which to close this sale, the Receiver's compliance with both the requirements and intent of the Statute, and the absence of any objections to the terms of the proposed sale, the Receiver requests that the Court grant the relief requested in the Motion.

5654322.1 30711/122570

WHEREFORE, the Receiver requests that the Court enter an Order authorizing the receiver to sell the real property located at 5045 Barret Drive, Swartz Creek, Michigan upon the terms and conditions contained in the Purchase Agreement attached to the Motion as Exhibit "C".

    Respectfully submitted,

    CLARK HILL PLC

By:  /s/ Joel D. Applebaum
    Joel D. Applebaum (P36774)
    Jami A. Statham (P69747)
    Brandon J. Muller (P70052)
    500 Woodward Avenue, Suite 3500
    Detroit, Michigan 48226-3435
    (313) 965-8300
    japplebaum@clarkhill.com
    jstatham@clarkhill.com
    bmuller@clarkhill.com

Date: September 29, 2008

*Attorneys for Robert D. Gordon, Receiver of the Estates of Gregory N. McKnight, et al.*

5654322.1 30711/122570

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2008, my assistant, Secret S. Washington, electronically filed the *Memorandum regarding Ex Parte Motion of the Receiver for an Order Approving The Sale Of The Real Property Located At 5045 Barret Drive, Swartz Creek, Michigan and Discharging the Notice Of Lis Pendens Recorded With Respect to this Property* with the Clerk of the Court using the ECF System which will send notification of such filing upon: John E. Birkenheier, Esq, Ellen E. Christensen, David A. Salim, and M. Allen Robb. Also served by first class mail upon: Steven L. Klawans and James O'Keefe of the U.S. Securities and Exchange Commission, 175 W. Jackson Blvd, Suite 900, Chicago, IL 60604.

Respectfully Submitted,

CLARK HILL PLC

By:  /s/ Joel D. Applebaum
Joel D. Applebaum
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226-3435
(313) 965-8300
japplebaum@clarkhill.com
P36774

*Attorneys for Robert D. Gordon Receiver of the Estates of Gregory N. McKnight, et al.*

Date: September 29, 2008