UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

       Plaintiff,

vs.

GREGORY N. MCKNIGHT, and
LEGISI HOLDINGS, LLC,

       Defendants,

and

LEGISI MARKETING, INC., LIDO
CONSULTING , LLC, HEALTHY BODY
NUTRACEUTICALS, LINDENWOOD
ENTERPRISES, LLC , DANIELLE
BURTON, THERESA BURTON, and
JENNIFER MCKNIGHT,

       Relief Defendants.

_____/

Case No. 08-11887

Hon. George Caram Steeh

Magistrate Judge Virginia Morgan

**ORDER DENYING PETITIONERS' MOTION FOR AN ORDER
AUTHORIZING AND DIRECTING THE RECEIVER TO PAY SPENDER
& ROBB, P.C. AND THE ROTH LAW FIRM, P.L.L.C. (DOCKET #121)**

This matter is before the Court on Petitioners' "motion for an order authorizing and directing the Receiver to pay Spender & Robb, P.C. and the Roth Law Firm, P.L.L.C. for services rendered during May, June, July, August, September and October, 2008," filed November 12, 2008 (Docket # 121). Petitioners are two law firms, who represent Defendant Gregory McKnight and some of the Relief Defendants. Petitioners' motion requests – in essence – that the Court direct the Receiver to release approximately $132,000 of frozen investor funds to pay Petitioners' legal fees.

On December 23, 2008, the Court referred this pretrial matter to Magistrate Judge Virginia M. Morgan for hearing and determination (Docket #141). Magistrate Judge Morgan held a hearing on February 5, 2009 and entered a written order the same day, denying Petitioners' motion for the reasons stated on the record (Docket # 153). On February 17, 2009, Petitioners filed objections to Magistrate Judge Morgan's order (Docket #s 158, 159). Plaintiff Securities and Exchange Commission filed a response to Petitioners' objections on March 2, 2009 (Docket # 168).

**Standard of Review**

A party may object to a magistrate judge's non-dispositive orders. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1) (A). The reviewing court must affirm the magistrate judge's ruling unless the objecting party demonstrates that the magistrate judge's ruling is "clearly erroneous" or "contrary to law." *Id.* The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. *See, e.g., Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985). Instead, the "clearly erroneous" standard is met when despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 33 U.S. 364, 395 (1948). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002).

**Discussion**

Having reviewed the hearing transcript in this matter (Docket # 166), Petitioners' objections and Plaintiff's response, the Court finds that Magistrate Judge Morgan's order is neither "clearly erroneous [n]or contrary to law." On the contrary, Magistrate Judge Morgan correctly determined that: (1) "this is not a bankruptcy case" and the money at issue belongs to the victims (Tr. 45:12-15); (2) Petitioners represented Defendant Gregory McKight (*id.* at 16-21); (3) any benefit to the estate was collateral to that representation (*id.* at 22-24); and (4) there was no retention agreement between Petitioners and the Receiver (*id.* at 24-25).

The thrust of Petitioners' argument is that they are entitled to payment out of the estate because they were "hired" by the Receiver to assist the Receiver in his duties (*i.e.* Petitioners claim they helped to locate assets, negotiated a quick resolution to the litigation, etc). Petitioners further aver that the Receiver agreed (orally, and then confirmed through a series of emails) to pay Petitioners' fees. That the Receiver may have consented to the payment of Petitioners' fees is of no moment. In this regard, the Court notes that the Order Appointing Receiver (Docket #11) clearly states that the Receiver must seek the Court's approval <u>before</u> hiring any individuals or entities to assist in the Receiver's duties. *See* Order Appointing Receiver, page 2. This approval process is certainly not foreign to the Receiver, as the Receiver sought – and received – the Court's approval to employ and retain Xroads Case Management Services, LLC (Docket # 37), Veritas Global, LLC (Docket # 38), Telemus Capital Partners, LLC (Docket # 39), Sedgwick Detert Moran & Arnold, LLP (Docket # 178) and Plante & Moran, PLLC (Docket #179).

The Receiver never sought – let alone received – the Court's approval to employ

and retain Petitioners.  If Petitioners and the Receiver wanted to enter into an agreement under which Petitioners would receive compensation for assisting the Receiver with his duties, then the Receiver should have sought approval from the Court first.

In support of their objections, Petitioners submit an affidavit of the Receiver – Petitioners did not submit this affidavit to Magistrate Judge Morgan as part of their original motion.  If Petitioners wanted the Court to consider this affidavit, then Petitioners should have submitted this affidavit in the first instance, since a district court may not take into consideration any evidence that was not put forth before the magistrate judge when reviewing the magistrate judge's factual determination.  *See Haines v. Liggett Group, Inc.*, 975 F.2d 81, 92 (3rd Cir. 1992).  The objections filed by Petitioner fail to cite to any persuasive legal authority to convince the Court that the Magistrate Judge's order is either clearly erroneous or contrary to law.  Accordingly,

Petitioners' motion for an order authorizing and directing the receiver to pay Spender & Robb, P.C. and the Roth Law Firm, P.L.L.C. (Docket # 121) is hereby DENIED.

Dated:  April 22, 2009

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 22, 2009, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

4