# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

 v.

GREGORY N. MCKNIGHT, and
LEGISI HOLDINGS, LLC,

      Defendants,

  and

LEGISI MARKETING, INC., LIDO
CONSULTING, LLC, HEALTHY BODY
NUTRACEUTICALS,
LINDENWOOD ENTERPRISES, LLC,
DANIELLE BURTON, THERESA
BURTON, and JENNIFER MCKNIGHT,

      Relief Defendants.
_____/

CIVIL ACTION No. 08-11887

HON. GEORGE CARAM STEEH

MAG. JUDGE VIRGINIA M. MORGAN

**FINAL JUDGMENT AS TO RELIEF DEFENDANT JENNIFER MCKNIGHT ONLY**

      The Securities and Exchange Commission having filed a Complaint and Relief Defendant Jennifer McKnight having entered a general appearance; consented to the Court's jurisdiction over Relief Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Relief Defendant is liable for disgorgement of $38,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $5,055, for a total of $43,055.  Based on Relief Defendant's sworn representations in his Statement of Financial Condition dated April 15, 2009, and other documents and information submitted to the Commission, however, payment of all but $29,750 of the disgorgement and pre-judgment interest thereon is waived.  Relief Defendant shall satisfy this obligation by paying $29,750 within seven days  after entry of this Final Judgment to the Clerk of this Court, together with a cover letter identifying Jennifer McKnight as a Relief Defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  Relief Defendant shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action.  By making this payment, Relief Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Relief Defendant.  The Clerk shall deposit the funds into any  type of interest bearing account that is utilized by the Court.  These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court.  In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund.  Such fee shall not exceed that authorized by the Judicial Conference of the United States.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Relief Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. Relief Defendant shall also pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The determination to waive payment of all but $29,750 of the disgorgement and pre-judgment interest is contingent upon the accuracy and completeness of Relief Defendant's Statement of Financial Condition. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Relief Defendant's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Relief Defendant, petition the Court for an order requiring Relief Defendant to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Relief Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Relief Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Relief Defendant may not, by way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of

disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Relief Defendant shall comply with all of the undertakings and agreements set forth therein.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IV.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: March 15, 2010

            s/George Caram Steeh
            HON. GEORGE CARAM STEEH
            UNITED STATES DISTRICT JUDGE