UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

                              Case No. 08-11887

vs.

GREGORY MCKNIGHT, et al.,

        Defendants.
_____/

**ORDER GRANTING RECEIVER'S MOTION FOR AUTHORITY TO (I) MAKE INTERIM DISTRIBUTION TO CREDITORS AND (II) EMPLOY XROADS CASE MANAGEMENT SERVICES, LLC TO SERVE AS DISBURSING AGENT [#465] AND OVERRULING LEGISI CREDITORS' OBJECTION TO RECEIVER'S MOTION FOR INTERIM DISTRIBUTION AND REQUEST TO COMPEL A FAR LARGER DISTRIBUTION TO LEGISI VICTIMS [#467]**

Presently before the court is the Receiver's motion for authority to (i) to make distribution to creditors and (ii) employ Xroads Case Management Services, LLC (Xroads) to serve as disbursing agent. The Receiver has liquidated and monetized a significant portion of the Receivership Estates' real and personal property. Currently the Receivership Estates' assets consist of approximately $3.6 million in cash on hand (net of outstanding professional fees), two parcels of real property, approximately 845,000 shares of CAMAC Energy, Inc. stock, several unsatisfied judgments against various persons and entities, pending arbitration and litigation cases. In the present motion, the Receiver seeks court authority to (i) make an interim distribution in the amount of $1.5 million on a pro-rata basis to the holders of the Allowed Claims and (ii) permit Xroads to serve as the disbursement agent in this case to implement the interim distribution.

On May 23, 2012, some of the Legisi creditors filed an objection to the Receiver's present motion. Specifically, the Legisi creditors argue that the Receiver should be compelled to distribute $3.4 million rather than the Receiver's proposed $1.5 million interim distribution. The Receiver filed a response to the Legisi creditors' objection on June 1, 2012. The Receiver refutes the Legisi creditors' suggestion that $200,000 is a suitable cash reserve for the Receiver to properly litigate the ongoing litigation and arbitration proceedings. The Receiver argues that it is essential to maintain sufficient funds to continue this ongoing litigation, as well as facilitate the ongoing administration of the Receivership estates, and distributing nearly all the cash on hand will create a liquidity problem which will thwart the Receiver's efforts to pursue recoveries on behalf of the estates. Upon review of the Receiver's motion, the creditors' objection and the Receiver's response thereto, the court concludes that the Receiver's request to make an interim distribution on a pro-rata basis in the amount of $1.5 million to the holders of the allowed claims and to allow Xroads to serve as the disbursement agent is warranted.

Accordingly,

IT IS ORDERED that:

1. The Receiver's motion for authority to (i) to make interim distribution to creditors and (ii) employ Xroads to serve as disbursing agent is GRANTED.

2. The Receiver is authorized to make a pro-rata distribution of $1.5 million to holders of Allowed Claims in accordance with the Motion and the Claims Roster attached as Exhibit "A" to the Receiver's motion.

3. Failure of a holder of an Allowed Claim to timely present (*i.e.*, cash or deposit) its Interim Distribution check within 120 days from the date such check is issued shall be

deemed a waiver of the Interim Distribution by the holder, and such Allowed Claim shall not be entitled to participate in this Interim Distribution or be entitled to any "catch-up" payment at a later date with respect to this Interim Distribution.

4. XRoads is authorized to serve as the disbursement agent in this case in accordance with the Motion.

5. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. The Court retains jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

SO ORDERED.

Dated: June 7, 2012

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 7, 2012, by electronic and/or ordinary mail and on Thomas and Lauren Reed, 5137 Youngfield Court, Arvada, CO 80002.

s/Barbara Radke
Deputy Clerk